IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WEST VIRGINIA CITIZENS DEFENSE
LEAGUE, INC., *et al.*

   Plaintiffs,

                CIVIL ACTION NO. 2:11-cv-0048

vs.

                (Copenhaver, J.)

CITY OF CHARLESTON, *et al.*

   Defendants.

## THE CHARLESTON DEFENDANTS' MOTION TO EXCLUDE ANY RESPONSE BY PLAINTIFFS TO THE CHARLESTON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

  Defendants City of Charleston, Danny Jones, personally and in his official capacity as the Mayor of the City of Charleston, and Brent Webster, personally and in his official capacity as the Chief of Police of the City of Charleston (together, "Charleston Defendants" or "Defendants"), by their attorneys, respectfully move pursuant to Federal Rule of Civil Procedure 6(b) to exclude any response Plaintiffs may file to the Charleston Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, and in support thereof state as follows:

### Background

  1) Plaintiffs, West Virginia Citizens Defense League, Inc. ("WVCDL"), Keith Morgan, Elizabeth Morgan, Jereomy Schulz, Benjamin Ellis and Masada Enterprises LLC, filed this action against the Cities of Charleston, South Charleston, and Dunbar, as well as each City's Mayor and Chief of Police, on January 24, 2011. [Docket No. 1] Plaintiffs' suit challenges the constitutionality of certain firearms ordinances of these Cities.

2) Plaintiffs filed their First Amended Complaint ("FAC") on March 16, 2011. [Docket No. 13] The FAC is 230 paragraphs long and contains 34 Counts against the Charleston Defendants. *See* FAC.

3) On March 22, 2011, Defendants City of Dunbar and City of South Charleston, as well as those Cities' Mayors and Chiefs of Police [the "Dunbar Defendants" and "South Charleston Defendants"] entered into a Stipulation for Extension of Time to Respond to Plaintiffs' First Amended Complaint to April 15, 2011. [Docket No. 15]

4) The Charleston Defendants did not enter into any stipulation for extension of time to respond to the FAC.

5) Pursuant to the requirements of Federal Rule of Civil Procedure 12(a), the Charleston Defendants timely filed a Motion to Dismiss Plaintiffs' First Amended Complaint, as well as a supporting Memorandum, on March 28, 2011. [Docket Nos. 16, 17]

6) "Memoranda and other materials in response to motions shall be filed and served on opposing counsel. . . within 14 calendar days from the date of service of the motion." W. Va. LR Bk. P. (S.D.) LR Civ. P. 7.1(7). The Rule further provides that any reply memorandum shall be filed and served within 7 days of the date of service of the response memorandum. *Id.*

7) As the Charleston Defendants' Motion to Dismiss was filed March 28, 2011, Plaintiffs' response brief was due to be filed no later than April 11, 2011. LR Civ. P. 7.1(7).

8) April 11, 2011, came and went; Plaintiffs filed no responsive pleading to the Charleston Defendants' Motion to Dismiss.

9) Meanwhile, pursuant to the Stipulation, the Dunbar Defendants and South Charleston Defendants filed their respective Motions to Dismiss, along with supporting Memorandums, on April 15, 2011.

10) Plaintiffs' response to the Dunbar and South Charleston Motions was therefore due no later than April 29, 2011. LR Civ. P. 7.1(7).

11) On April 26, 2011, counsel for Plaintiffs sent an email to counsel for the Charleston Defendants, "apologiz[ing] for the delay on this matter" and explaining there had been an "error and oversight" on counsel's part. *See* Ex. A, Emails btw J. Mullins & R. Brown (4/26/2011). Counsel represented that he "intend[ed] to file for a motion to adjust the time to respond to this Friday, April 29 – the same time as the response to the South Charleston & Dunbar motions are due and will be filed." *Id.* Counsel asked if Defendants' counsel would stipulate to this adjustment, to which Defendants' counsel replied that stipulation was impossible as the deadline had passed over two weeks ago. *Id.* In that email, Defendants' counsel also stated that the Charleston Defendants would be willing to allow Plaintiffs to represent that such a motion would be unopposed, but that the determination regarding the issue would be left to the Court's determination. *Id.*

12) April 29, 2011, came and went; Plaintiffs filed no responsive pleadings to any of the pending Motions to Dismiss.

13) Plaintiffs filed Memoranda in response to the Dunbar and South Charleston Motions to Dismiss on May 2, 2011.

14) Plaintiffs still have not filed any responsive pleading to the Charleston Defendants' Motion to Dismiss.

### **Argument**

15) Although the question of whether Plaintiffs will *ever* attempt to file a response to the Charleston Defendants' Motion to Dismiss remains unanswered, any such response should be excluded under the Federal Rules of Civil Procedure and Fourth Circuit law.

16) Federal Rule of Civil Procedure 6(b)(1) provides, in pertinent part, as follows:

3

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (a)  with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (b)  on motion made after the time has expired if the party failed to act because of excusable neglect.

F.R.C.P. 6(b).

17) Rule 6(b)(1)(a) is inapplicable because the original time for Plaintiffs to respond to the Charleston Defendants' Motion to Dismiss expired twenty-two days ago, on April 11, 2011.

18) Plaintiffs should be precluded from relying on Rule 6(b)(1)(b) to move for a retroactive extension of time in which to submit any eventual response, as there is no "excusable neglect" present.

19) Whether to grant an enlargement of time is within the Court's discretion. *Colony Apartments v. Abacus Project Mgmt., Inc.,* No. 05-2109, 197 Fed. Appx. 217, 223 (4th Cir. July 25, 2006) (affirming district court's decision not to allow plaintiff to supplement its expert disclosures).

20) The Fourth Circuit consistently holds that "excusable neglect is not easily demonstrated, nor was it intended to be." *Bredell v. Kempthorne,* No. 07-2137, 290 Fed. Appx. 564, 565 (4th Cir. Aug. 25, 2008) (affirming denial of Rule 6(b) motion) (quoting *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir. 1996).) The "determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).)

21) "The most important of the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the reason for the failure to timely file." *Id.* (quoting *Thompson,* 76 F.3d at 534.) "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'." *Thompson,* 76 F.3d at 533. Further, "[o]versights caused by lack of organizational competence or the demands of other cases are inexcusable." *Harty v. Comm. Net Lease LP LTD.,* No. 5:09-cv-495-D, 2011 U.S. Dist. LEXIS 20565, at *5 (E.D.N.C. Mar. 1, 2011).

22) Plaintiffs' counsel blamed inadvertence for his initial neglect of the April 11, 2011 deadline. *See* Ex. A. Arguably, this initial error *might* have been excusable, but has now been compounded by his continued failure to file. There is no question that Plaintiffs' counsel knew of the deadline, as he acknowledged it in his email to Defendants' counsel and has since filed (albeit three days late) his responses to the other Defendants' Motions. Accordingly, Plaintiffs' "reason" for failing to file a response in a timely manner cannot constitute 'excusable neglect'. *See Thompson,* 76 F.3d at 533-34.

23) The Charleston Defendants have been prejudiced by this delay. The City, as well as Mayor Jones and Chief Webster, are understandably determined to resolve this case as expeditiously as possible, and to that end have been diligent in their filing obligations. Plaintiffs are challenging several important ordinances currently in effect, and Defendants have an obligation to defend them. Their interest in having the Court rule on the pending Motion should take priority over Plaintiffs' apparent desire to flout the Federal Rules and the Court's authority.

24) Defendants' counsel have also been unnecessarily prejudiced and inconvenienced. Their Motion to Dismiss, in response to the 34 Counts against them, was twenty pages long and presented dispositive and complex constitutional arguments. Defendants' counsel anticipated a response to the Motion on April 11, 2011, and accordingly budgeted time in which to craft a reply to that response in the seven days permitted by the Rules. That reply deadline has now become a moving target, making it impossible for Defendants' counsel to schedule its drafting responsibilities amidst competing deadlines in other cases.

25) With regards to length of the delay: that factor remains unknown, but as of this filing the hypothetical response is twenty-two days late. The clock continues to run, but Plaintiffs have now allowed themselves more than two and a half times the allotted time provided to respond to the Motion.

26) Plaintiffs have not sought this Court's permission to file a late response, nor would they have grounds to do so as there is no 'excusable neglect' here. There does not appear to be any legitimate reason for Plaintiffs' delay, and Plaintiffs' counsel has acknowledged his awareness of the long-passed deadline. Defendants have been prejudiced by the delay, and accordingly deserve to have their Motion resolved without the Court's consideration of any arguments Plaintiffs might eventually deign to make.

27) For all these reasons, the Charleston Defendants respectfully request that this Court grant their Motion to exclude any response Plaintiffs may file to the Charleston Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.

Respectfully submitted by the
CITY of CHARLESTON, a municipal corporation;
DANNY JONES, Mayor; and
BRENT WEBSTER, Chief of Police

6

By: /s/ Ricklin Brown
Benjamin L. Bailey (WV Bar No. 200)
Ricklin Brown (WV Bar No. 500)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

Counsel for Defendants City of Charleston, Danny Jones, and Brent Webster

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WEST VIRGINIA CITIZENS DEFENSE
LEAGUE, INC., *et al.*

       Plaintiffs,

vs.

CIVIL ACTION NO. 2:11-cv-0048

(Copenhaver, J.)

CITY OF CHARLESTON, *et al.*

       Defendants.

## CERTIFICATE OF SERVICE

I, Ricklin Brown, herby affirm that on this date, May 3, 2011, I caused the foregoing **THE CHARLESTON DEFENDANTS' MOTION TO EXCLUDE ANY RESPONSE BY PLAINTIFFS TO THE CHARLESTON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** to be served on the following attorneys with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James M. Mullins, Jr.
The Law Offices of James M. Mullins, Jr., PLLC
101 North Kanawha Street, Suite 401
Beckley, West Virginia 25801

W. Michael Moore
Moore & Biser, PLLC
317 Fifth Avenue
South Charleston, West Virginia 25303

Webster J. Arceneaux, III
Lewis, Glasser, Casey & Rollins, PLLC
P.O. Box 1746
Charleston, West Virginia 25326

      /s/ Ricklin Brown
      Benjamin L. Bailey (WV Bar No. 200)
      Ricklin Brown (WV Bar No. 500)
      Bailey & Glasser, LLP
      209 Capitol Street
      Charleston, West Virginia 25301
      Counsel for Defendants City of Charleston,
      Danny Jones, and Brent Webster