IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

West Virginia Citizens Defense League, Inc.,
*et al.*,

        Plaintiffs,

v.

City of Charleston, *et al.*,

        Defendants

Civil Action No.: 2:11-cv-48

(Copenhaver, J.)

Declaration of Keith Morgan

Pursuant to 28 U.S.C. § 1746, I, Keith T. Morgan, declare the following:

1. I have personal knowledge of the facts alleged herein.

2. I am a natural person who currently resides in, and at all times relevant in this case has resided in, an unincorporated area of Kanawha County, West Virginia, at a location that is approximately one mile from the nearest point that is within the territorial limits of the City of Charleston.

3. I am an individual plaintiff in the above-entitled action.

4. I am member of West Virginia Citizens Defense League, Inc. (hereinafter "WVCDL").

5. I currently serve as WVCDL's President.

6. WVCDL is a plaintiff in the above-entitled action.

7. WVCDL is a nonpartisan, all-volunteer, grassroots organization of concerned West Virginians who support an individual's right to keep and bear arms for defense of self, family, home and state, and for lawful hunting and recreational use, as protected by the West Virginia Constitution and the Second Amendment of the United States Constitution.

8. WVCDL has members throughout the State of West Virginia, including many members who reside in or frequently visit the cities of Charleston, Dunbar, and South Charleston.

9. I am and, at all times relevant in this action, have been, licensed to carry a concealed handgun.

10. Based upon my personal knowledge of many fellow WVCDL members, many WVCDL members have licenses to carry concealed handguns.

11. I regularly carry a handgun for personal protection at all times and places where I may lawfully do so. Only when a federal, state, or local law or regulation whose enforcement has not been enjoined by a court of competent jurisdiction prohibits carrying a handgun at a particular time or place do I not carry a handgun on my person.

12. Based upon my personal knowledge of many fellow WVCDL members, many WVCDL members regularly carry handguns for personal protection at all times and places they may lawfully do so. Only when a federal, state, or local law or regulation whose enforcement has not been enjoined by a court of competent jurisdiction prohibits carrying a handgun at a particular time or place do some WVCDL members not carry a handgun on their persons.

13. I am an active handgun collector and frequently buy handguns for my personal collection.

14. Based upon my personal knowledge of many fellow WVCDL members, many fellow WVCDL members are active gun collectors who frequently buy handguns for their personal collections and occasionally sell handguns from their personal collections through lawful channels.

15. On multiple occasions prior to January 23, 2011, I purchased handguns from licensed dealers within the City of Charleston. As part of each purchase, I completed the handgun purchase registration form prescribed by the City of Charleston and Chief Webster in its entirety, including a disclosure of my Social Security account number.

16. On January 23, 2011, I went to the Gander Mountain store located in the City of Charleston and identified, selected, and attempted to purchase a Kel-Tec P3AT pistol.

17. On January 23, 2011, after I went to the Gander Mountain store located in the City of Charleston and identified, selected, and attempted to purchase a Kel-Tec P3AT pistol, an employee of Gander Mountain informed me that under Charleston City Code §§ 18-421 through 428, I was subject to a 72-hour waiting period, could not purchase the handgun if I had purchased any other handgun within the preceding 30 days, and would be required to complete a handgun purchase registration form prescribed by the City of Charleston and its chief of police, Brent Webster.

18. During my visit to the Gander Mountain store located in the City of Charleston on January 23, 2011, I possessed adequate funds to pay in full the purchase price of the Kel-Tec P3AT pistol I had selected.

19. Upon being informed of the requirements of Charleston City Code §§ 18-421 through 428, I declined to proceed with my planned purchase.

20. But for the requirements of Charleston City Code §§ 18-421 through 428, I would have completed my planned purchase.

21. If the Charleston handgun sales ordinances WVCDL and I individually are challenging in this action are repealed or, in a final judgment of this Court or another court of competent jurisdiction, are permanently enjoined or are declared in a declaratory judgment to be

unconstitutional or otherwise legally invalid such that I may proceed with the purchase I planned on January 23, 2011, I intend to return to the Gander Mountain store located in the City of Charleston and purchase a Kel-Tec P3AT pistol identical to the one I selected on January 23, 2011, if such handgun is available at that time for the same price as it was offered for sale on January 23, 2011.

22. Based upon the information available to me, the Defendants are presently enforcing the ordinances WVCDL and I individually are challenging in this action.

23. The main public entrance doors to the Charleston Civic Center are posted in large, conspicuous type: "WEAPONS PROHIBITED ON CIVIC CENTER PROPERTY PER CHARLESTON CITY CODE SECTION 78-165 IT SHALL BE UNLAWFUL FOR ANY PERSONS TO CARRY ON OR ABOUT HIS PERSON ANY REVOLVER OR PISTOL, DIRK, BOWIE, KNIFE, SLINGSHOT, RAZOR, BILLY, METALLIC OR OTHER FALSE KNUCKLES, OR OTHER DANGEROUS OR DEADLY WEAPON OF LIKE KIND OR CHARACTER IN OR UPON THE CHARLESTON CIVIC CENTER. PROVISIONS OF THIS SECTION SHALL NOT APPLY TO CITY, COUNTY, STATE AND FEDERAL LAW ENFORCEMENT OFFICERS AND EXHIBITORS AND PERFORMERS AT CITY SANCTIONED EVENTS WHO OBTAIN ADVANCED WRITTEN AUTHORIZATION FROM THE CHIEF OF POLICE OF THE CITY OF CHARLESTON."

24. I am a frequent patron of the Quarrier Street parking garage owned by the City of Charleston, Magic Island, and the city levee. On a less frequent basis, I am a regular visitor to the Charleston Civic Center and its parking garage. All of these places are owned by the City of Charleston and subject to the provisions of Charleston City Code § 78-165, which impose an absolute prohibition on carrying a handgun on any property owned by the city of Charleston.

25. I interpret Charleston City Code § 78-165 as prohibiting me from possessing or storing a handgun in my personal vehicle if it is parked on any real property owned or occupied by the City of Charleston, including many city-owned parking lots and parking garages.

26. The entrances to Dunbar City Hall are posted with the sign specified in Dunbar City Code § 545.13(c):

> Notice
>
> All Persons Entering This Building Are Subject To Search:
>
> Any And All Weapons Or Contraband Will Be Confiscated With The Potential Of Criminal Prosecution.
>
> - Weapons Subject To Confiscation –
>
> Revolvers, Pistols, Rifles, Shotguns, Dirk, Blackjack, Knife (Except Those Knives Being Utilized As A Utensil At A Picnic Or Party, Or Those Knives Used As An Work Instrument By Employees Or Contractors), Sling Shot, Razor, Billy, Metallic

    Or False Knuckles, Tear Gas, Or Other Deadly Weapon Of Like Character Or Any Facsimile Thereof That Is Intended Or Readily Adaptable For Use Which May Produce Death Or Serious Bodily Harm.

27. I reasonably fear arrest, prosecution, fine, and imprisonment if I set foot in any location described in Charleston City Code § 78-165, South Charleston City Code § 545.15, or Dunbar City Code § 545.13 while exercising my right to keep and bear arms for personal protection.

28. But for the ongoing threatened enforcement of Charleston City Code § 78-165, South Charleston City Code § 545.15, and Dunbar City Code § 545.13, I would regularly carry handguns when I visit various locations described in Charleston City Code § 78-165, South Charleston City Code § 545.15, and Dunbar City Code § 545.13.

29. Based upon information available to me, the defendants do not maintain any laws, customs, practices, or policies providing for the security of any city-owned buildings, parks, or other public property to which Charleston City Code § 78-165, South Charleston City Code § 545.15, or Dunbar City Code § 545.13 is applicable, under which individuals who enter places where Charleston City Code § 78-165, South Charleston City Code § 545.15, or Dunbar City Code § 545.13 prohibits carrying deadly weapons are required to submit to security screenings and adequate security measures are maintained to detect and interdict the unlawful conveyance of deadly weapons into those premises. Consequently, the laws, customs, practices, and policies of the Defendants challenged in this action provide no actual protection of any individuals present in city-owned buildings, parks, or other public property to which Charleston City Code § 78-165, South Charleston City Code § 545.15, or Dunbar City Code § 545.13 is applicable, as there are no adequate security measures in place to reliably detect and apprehend individuals violating the ordinance.

30. Based upon information available to me, the Defendants maintain laws, customs, practices, and policies that do not provide any means for individuals to temporarily check and store weapons in a secure storage facility prior to entering any premises where Charleston City Code § 78-165, South Charleston City Code § 545.15, or Dunbar City Code § 545.13 prohibits carrying weapons.

31. The Defendants have no affirmative legal duty to guarantee the personal safety of individuals in locations where Charleston City Code § 78-165, South Charleston City Code § 545.15, or Dunbar City Code § 545.13 prohibits carrying weapons, nor would any of them be subject to any liability for any personal injuries or death suffered by any individual who is the victim of a crime in any location where Charleston City Code § 78-165, South Charleston City Code § 545.15, or Dunbar City Code § 545.13 prohibits carrying weapons and was unable to defend him- or herself because he or she was disarmed in compliance with the ordinance.

32. The criminal penalties for violating Charleston City Code § 78-165, South Charleston City Code § 545.15, and Dunbar City Code § 545.13—up to 30 days in jail and/or a $500 fine—do not serve as a meaningful deterrent to violent criminals and affect only the

conduct of law-abiding citizens such as myself and other Plaintiffs. The proposition that an extra 30 days in jail for unlawfully carrying a weapon on city-owned property serves as an actual deterrent to the commission of violent crimes for which far more severe criminal penalties—often measured in decades, not years, months, or days—under state and federal law would not otherwise act as an effective deterrent, is simply laughable.

33. I urge this Court to deny all Defendants' pre-answer motions to dismiss.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2011.

_____
Keith T. Morgan