```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**WEST VIRGINIA CITIZENS DEFENSE LEAGUE, INC.,**
a West Virginia nonprofit corporation, and
**KEITH T. MORGAN** and
**ELIZABETH L. MORGAN** and
**JEREOMY W. SCHULZ** and
**BENJAMIN L. ELLIS** and
**MASADA ENTERPRISES LLC,**
a West Virginia limited liability company,

    Plaintiffs,

v.                                         Civil Action No. 2:11-0048

**CITY OF CHARLESTON,**
a West Virginia municipal corporation, and
**DANNY JONES,**
personally and in his official capacity
as the Mayor of the City of Charleston, and
**BRENT WEBSTER,**
personally and in his official capacity
as the Chief of Police of the City of Charleston, and
**CITY OF SOUTH CHARLESTON,**
a West Virginia municipal corporation, and
**FRANK A. MULLENS, JR.,**
in his official capacity as the
Mayor of the City of South Charleston, and
**BRAD L. RINEHART,**
in his official capacity as the
Chief of Police of the City of South Charleston, and
**CITY OF DUNBAR,**
a West Virginia municipal corporation, and
**JACK YEAGER,**
in his official capacity as the
Mayor of the City of Dunbar, and
**EARL WHITTINGTON,**
in his official capacity as the
Chief of Police of the City of Dunbar,

    Defendants,

## MEMORANDUM OPINION AND ORDER

Pending are motions (1) by the Brady Center to Prevent Gun Violence ("Brady Center") for leave to file an amicus brief in support of the regulations challenged herein, filed April 15, 2011, (2) by all parties to stay the order and notice deadlines and discovery pending a ruling on the motions to dismiss, filed April 29, 2011, (3) by defendant City of Charleston, along with its Mayor Danny Jones and Chief of Police Brent Webster ("Charleston defendants") to exclude any response by plaintiffs to those three defendants' motion to dismiss, filed May 3, 2011, and (4) plaintiffs' motion to exceed the page limitation prescribed by the Local Rules of Civil Procedure and to extend the time within which they were required to respond to the Charleston defendants' motion to dismiss ("motion to extend and exceed").

Inasmuch as no party has responded to the Brady Center's motion, it is ORDERED that the motion be, and it hereby is, granted.  It is further ORDERED that the Brady Center's proposed amicus brief be, and it hereby is, filed today.

Respecting the joint motion to stay, Federal Rule of Civil Procedure 26(c) provides pertinently as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the

>action is pending . . . . The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place, for the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c)(1).

The Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion to control this discovery process . . . ."); Landry v. Air Line Pilots Ass'n Intern. AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990)("The protective order suspended activity until a decision could be made on the summary judgment motion. The trial court sought to resolve an issue that might preclude the need for the discovery altogether thus saving time and expense."); Westminster Investing Corp. v. G. C. Murphy Co., 434 F.2d 521 (D.C. Cir. 1970); Baron Financial Corp. v. Natanzon, 240 F.R.D. 200, 202-03 (D. Md. 2006); Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C.2003); Chavous v. District of Columbia Financial Resp. and Mgmt. Asst. Auth., 201 F.R.D. 1, 2 (D.D.C. 2001); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D.

261, 263 (M.D.N.C. 1988); 2 Discovery Proceedings in Federal Court § 20:4 (3d ed. 2007) (citations omitted).

As noted by one court, "such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." <u>Coastal States Gas Corp. v. Department of Energy</u>, 84 F.R.D. 278, 282 (D.C. Del. 1979).  The decision concerning a stay request is guided by a number of factors as follows:

> In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. To assist in this determination, the Court is guided by the following factors, none of which is singly dispositive: the type of motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

<u>Hachette Distribution, Inc. v. Hudson County News Co., Inc.</u>, 136 F.R.D. 356, 358 (E.D.N.Y. 1991); <u>see</u> <u>also</u> 10A Federal Procedure § 26:335 (2007).

The motions to dismiss raise a host of complex legal issues.  The parties agree that "the Court's ruling on these

issues could be dispositive of the case . . . and/or limit the discovery necessary in this case." (Jt. Mot. at 2).  Having considered the applicable factors, the court ORDERS that the joint motion be, and it hereby is, granted.  It is further ORDERED that this action be, and it hereby is, stayed pending the further order of the court, with the exception of the briefing deadlines set forth herein or otherwise applicable under the Local Rules of Civil Procedure.

Respecting the motion to exclude, the Charleston defendants note plaintiffs' utter failure to explain their delay in responding to those defendants' motion to dismiss.  The response was due April 14, 2011.  In their May 5, 2011, motion to exceed the page limitation and extend the time for their response, which was accompanied by their proposed response to the Charleston defendants' motion to dismiss, plaintiffs offer little in the way of excusable neglect.  They are content to profess "unforeseen technical difficulties and delays" as the cause for their overdue filing.  (Mot. to Exceed and Extend at 2).[1]

---

[1] The Charleston defendants' appear understandably frustrated with plaintiffs' inexplicable lack of specificity. (See, e.g., Chas. Defs.' Reply at 8 ("They have acted in flagrant disregard of the Federal Rules and this Court's authority. Even the 'dog ate my homework' excuse (more factually specific than the excuses feebly offered by Plaintiffs, though typically absent from such requests in this age of e-filing) should only suffice for perhaps twenty-four hours of delay. A twenty . . . day delay with no excusable neglect shown should not be permitted.")).

Despite this minimal showing on plaintiffs' part, and in the interests of having this complex matter fully briefed, the court ORDERS as follows:

1. That the motion to exclude be, and it hereby is, denied;

2. That the motion to exceed and extend be, and it hereby is, granted;

3. That plaintiffs' proposed response to the Charleston defendants' motion to dismiss, received May 5, 2011, be, and it hereby is, deemed timely and otherwise in accordance with the page limitation found in the Local Rules of Civil Procedure.[2]

The Clerk is requested to transmit this written opinion and order to all counsel of record and to any unrepresented parties.

DATED: May 19, 2011

John T. Copenhaver, Jr.
United States District Judge

---

[2]The page limitation extension will be deemed to cover as well plaintiffs' oversized response to the motion to dismiss filed by defendant City of South Charleston, along with its Mayor Frank A. Mullens and Chief of Police Brad L. Rinehart.