```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**WEST VIRGINIA CITIZENS DEFENSE LEAGUE, INC.,**
a West Virginia nonprofit corporation, and
**KEITH T. MORGAN** and
**ELIZABETH L. MORGAN** and
**JEREOMY W. SCHULZ** and
**BENJAMIN L. ELLIS** and
**MASADA ENTERPRISES LLC,**
a West Virginia limited liability company,

      Plaintiffs,

v.                                                      Civil Action No. 2:11-0048

**CITY OF CHARLESTON,**
a West Virginia municipal corporation, and
**DANNY JONES,**
personally and in his official capacity
as the Mayor of the City of Charleston, and
**BRENT WEBSTER,**
personally and in his official capacity
as the Chief of Police of the City of Charleston, and
**CITY OF SOUTH CHARLESTON,**
a West Virginia municipal corporation, and
**FRANK A. MULLENS, JR.,**
in his official capacity as the
Mayor of the City of South Charleston, and
**BRAD L. RINEHART,**
in his official capacity as the
Chief of Police of the City of South Charleston, and
**CITY OF DUNBAR,**
a West Virginia municipal corporation, and
**JACK YEAGER,**
in his official capacity as the
Mayor of the City of Dunbar, and
**EARL WHITTINGTON,**
in his official capacity as the
Chief of Police of the City of Dunbar,

      Defendants,

## MEMORANDUM OPINION AND ORDER

Pending are (1) the motion to dismiss filed March 28, 2011, by defendant City of Charleston, along with its Mayor Danny Jones and Chief of Police Brent Webster ("Charleston defendants"), (2) the motion to dismiss filed April 15, 2011, by defendant City of Dunbar, along with its Mayor Jack Yeager and Chief of Police Earl Whittington ("Dunbar defendants"), and (3) the motion to dismiss filed April 15, 2011, by defendant City of South Charleston, along with its Mayor Frank A. Mullens, Jr., and Chief of Police Brad L. Rinehart ("South Charleston defendants"). On May 16, 2011, the court received the final brief respecting these motions, namely, the reply by the Charleston defendants relating to their motion to dismiss.

I.

Our court of appeals has observed that "Pullman abstention . . . is appropriate where there are unsettled questions of state law that may dispose of the case and avoid the need for deciding the [federal] constitutional question." Meredith v. Talbot County, 828 F.2d 228, 231 (4th Cir. 1987); Virginia Office for Protection and Advocacy v. Stewart, 131 S. Ct. 1632, 1644 (2011) (Kennedy, J., concurring) ("Pullman

recognizes the importance of state sovereignty by limiting federal judicial intervention in state affairs to cases where intervention is necessary.  If an open question of state-law would resolve a dispute, then federal courts may wait for the resolution of the state-law issue before adjudicating the merits.").

In this action, plaintiffs challenge certain municipal firearm restrictions on the grounds that, <u>inter alia</u>, they violate the Second Amendment to the United States Constitution, Article III, section 22 of the West Virginia Constitution, and state law.

Pending in the United States District Court for the Northern District of West Virginia is <u>West Virginia Citizens Defense League, Inc. v. City of Martinsburg</u>, No. 3:11-0005 (N.D. W. Va. Jan. 24, 2011).  The case is assigned to the Honorable John Preston Bailey, Chief Judge.  The <u>City of Martinsburg</u> case is prosecuted by the same associational plaintiff and its counsel appearing herein.  The complaint in <u>City of Martinsburg</u> also challenges municipal gun control ordinances on the grounds, <u>inter alia</u>, that they are violative of the Second Amendment to the United States Constitution, Article III, section 22 of the West Virginia Constitution, and state law.

3

On June 17, 2011, Judge Bailey, <u>sua</u> <u>sponte</u>, concluded that "this might be an appropriate case for this Court to abstain." <u>City of Martinsburg</u>, No. 3:11-0005, slip op. at 7 (N.D. W. Va. Jan. 24, 2011).  Citing <u>Pullman</u>, Judge Bailey observed that "the West Virginia constitutional provision, Article III, § 22, differs from and is not the 'mirror image' of the Second Amendment . . . ."  <u>Id.</u> at 8.  Judge Bailey allotted the parties "14 days . . . to comment and/or object to" application of the <u>Pullman</u> doctrine.  <u>Id.</u> at 9.

In view of the evident similarity of the two civil actions, the court will likewise receive supplemental briefing respecting applicability of the <u>Pullman</u> doctrine.  It is, accordingly, ORDERED as follows:

1.  That plaintiffs be, and they hereby are, directed to file their brief on the matter no later than July 14, 2011;

2.  That the Charleston defendants, the Dunbar defendants, and the South Charleston defendants be, and they hereby are, directed to file their consolidated response to the plaintiffs' brief no later than July 28, 2011; and

**4**

    3.    That plaintiffs be, and they hereby are, given leave to reply if they so desire no later than August 10, 2011.

The Clerk is requested to transmit this written opinion and order to all counsel of record and to any unrepresented parties.

                                            DATED: July 1, 2011

                                            John T. Copenhaver, Jr.
                                            United States District Judge