IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

West Virginia Citizens Defense League, Inc.,
   *et al.*,

            Plaintiffs,

            v.

City of Charleston, *et al.*,

            Defendants

Civil Action No.: 2:11-cv-48

(Copenhaver, J.)

## **Plaintiffs' Reply to Defendants' Memorandum in Response to Plaintiffs' Objections to Proposed Pullman Abstention**

Plaintiffs, by and through their undersigned counsel, respectfully submit the following in reply to Defendants' Memorandum in Response to Plaintiffs' Objections to Proposed *Pullman* Abstention, [Doc. 38].

## **I. *Pullman* Abstentions Should Be Rarely Invoked.**

For diametrically opposing reasons, the parties to this case are all in agreement that this Honorable Court need not and should not invoke *Pullman* abstention in this case.

As the Defendants have ably noted, abstention doctrines, including *Pullman*, "constitute extraordinary and narrow exceptions to a federal court's duty to exercise the jurisdiction conferred on it." *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (*quoting Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 728 (1996)) (alteration marks and internal quotation marks omitted). "[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon

1

them by Congress." *Quackenbush*, 517 U.S. at 716. "This Court repeatedly has stated that the federal courts have a virtually unflagging obligation to exercise their jurisdiction except in those extraordinary circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988) (*quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976), *quoting County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)) (internal quotation marks omitted). "Federal courts 'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not.'" *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005) (*quoting Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821)). Accordingly, this Court rarely invokes *Pullman* abstention. *See* [Doc. 38] at 5-6 (collecting cases).

For these reasons, Plaintiffs concur with the Defendants' *Pullman* analysis in Part II of *Defs.' Mem. In Resp. to Pls.' Objections to Proposed Pullman Abstention*, [Doc. 38] at 4-6, solely as it pertains to the limited issue of *Pullman*'s inapplicability in this case, assuming *arguendo* that the questions of state law are as settled in Plaintiffs' favor as Plaintiffs believe they are.

## II. Certification is Preferred to Abstention.

Given the sharply diverging views of the parties on the merits of their respective positions of state law—to the point that the Defendants, as well as the Plaintiffs, believe state law to be so clearly settled in their respective favor that *Pullman* abstention is unnecessary—Plaintiffs obviously must contemplate the possibility that this Honorable Court will not agree with at least one side—and potentially both sides—of the diametrically opposing arguments the

2

parties have made. Accordingly, Plaintiffs argued in their initial memorandum in response and objection to *Pullman* abstention, [Doc. 37] at 8-11, that the modern preference of the Supreme Court of the United States is for federal courts to use state certified question procedures where available. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 75-76, 79 (1997); *see also Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. ___, ___, 131 S. Ct. 1632, 1644 (2011) (Kennedy, J., concurring) ("certification of questions of state law to the state courts may pretermit an otherwise sensitive federal controversy"); *Virginia v. American Booksellers Assn., Inc.*, 484 U.S. 383, 393-98 (1988) (certifying questions of law to Virginia Supreme Court, noting that abstention is "more cumbersome and . . problematic"); *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974) (certification "helps build a cooperative judicial federalism"); *Bellotti v. Baird*, 428 U.S. 132, 148 (1976) (to warrant district court certification, "[i]t is sufficient that the statute is susceptible of . . . an interpretation [that] would avoid or substantially modify the federal constitutional challenge to the statute") (remanding with instructions to certify questions pertaining to construction of a state statute that was susceptible to multiple interpretations, one of which would avoid or substantially modify a federal constitutional challenge).

Without waiving their jurisdictional defenses and arguments that state law is clearly settled in their favor, the Defendants appear to be in agreement with Plaintiffs that to the extent there are unsettled questions of state law, this Court should not invoke *Pullman* abstention and should instead certify appropriate questions of law to the West Virginia Supreme Court of Appeals. [Doc. 38] at 12-13 ("Alternatively, as Plaintiffs suggest, certification of one or more questions to the West Virginia Supreme Court of Appeals would offer a more efficient and direct method of resolving any West Virginia law issues which this Court determines require the unique expertise of the state court."). Regardless of whether the questions of state law presented

in this case are presented to the West Virginia Supreme Court of Appeals through certified questions of this Court, certified questions of the Kanawha County Circuit Court (should this Court abstain), or the direct appeal of a judgment of the Kanawha County Circuit Court (should this Court abstain and the case be fully litigated in state court without state court certification), if the West Virginia Supreme Court of Appeals reviews the questions presented in this case, it will undertake a *de novo* review of the challenged ordinance and the state statutory and constitutional provisions at issue.[1] "Certification procedure, in contrast [to abstention], allows a federal court faced with a novel state-law question to put the question directly to the State's highest court, reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response." *Arizona*, 520 U.S. at 76 (internal citations omitted).

Given the likelihood that this case will result in future certification activity, Plaintiffs question for the moment whether this case has fully ripened for certification. Certification requires "a sufficiently precise and undisputed factual record on which the legal issues can be determined . . . . [and that] such legal issues . . . substantially control the case." Syllabus Point 5, in part, *Bass v. Coltelli*, 192 W.Va. 516, 453 S.E.2d 350 (1994), *superseded by statute on other grounds, Smith v. Consol. Public Retirement Bd.*, 222 W.Va. 345, 348 n. 3, 664 S.E.2d 686,

---

[1] *Citizens Bank of Weston, Inc. v. City of Weston*, 209 W.Va. 145, 148, 544 S.E.2d 72, 75 (2001) ("a *de novo* standard of review applies to the issue of the constitutionality of [a municipal] ordinance"); Syllabus Point 1, *State v. Rutherford*, 223 W.Va. 1, 672 S.E.2d 137 (2008) ("The constitutionality of a statute is a question of law which this Court reviews *de novo*."). Syllabus Point 1, *Bower v. Westinghouse Electric Corp.*, 206 W.Va. 133, 522 S.E.2d 424 (1999) ("This Court undertakes plenary review of legal issues presented by certified question from a federal district or appellate court."); Syllabus Point 1, *Light v. Allstate Ins. Co.*, 203 W.Va. 27, 506 S.E.2d 64 (1998) ("A *de novo* standard is applied by this Court in addressing the legal issues presented by a certified question from a federal district or appellate court."); Syllabus Point 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996) ("The appellate standard of review of questions of law answered and certified by a circuit court is *de novo*."); Syllabus Point 1, *West Virginia Human Rights Commission v. Garretson*, 196 W.Va. 118, 468 S.E.2d 733 (1996) ("Interpreting a statute presents a purely legal question subject to our *de novo* review on which neither party bears the burden of proof."); Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

689 n. 3 (2008); *see also* W.Va. Code § 51-1A-6(a)(2) ("A certification order must contain . . . [t]he facts relevant to the question, showing fully the nature of the controversy out of which the question arose[.]").

Nevertheless, Plaintiffs reserve the right to file a motion for certification, even at this early stage of the litigation. The West Virginia Supreme Court of Appeals has, on occasion, answered certified questions arising from pre-answer motions to dismiss under Fed. R. Civ. P. 12(b)(6), e.g., *Barr v. NCB Management Services, Inc.*, ___ W.Va. ___, 711 S.E.2d 577 (2011); *L.H. Jones Equipment Co. v. Swenson Spreader LLC*, 224 W.Va. 570, 687 S.E.2d 353 (2009); *Arbaugh v. Board of Educ., County of Pendleton*, 214 W.Va. 677, 591 S.E.2d 235 (2003); *Feliciano v. 7-Eleven, Inc.*, 210 W.Va. 740, 559 S.E.2d 713 (2001); *Bower v. Westinghouse Elec. Corp.*, 206 W.Va. 133, 522 S.E.2d 424 (1999), as West Virginia law does not limit certification to cases in which all underlying facts have been fully and conclusively developed in the certifying court.[2] In some cases, early certification of questions may prove dispositive of the case and spare the litigants and the certifying court significant expenditures of time, money, and other finite resources that can be saved by an early answer to a critical question of state law.[3]

Of course, certification should not be undertaken lightly. "[F]ederal courts should take care not to burden their state counterparts with unnecessary certification requests." *Boyter v.*

---

[2] W.Va. Code § 51-1A-6(b) encourages the parties to "agree upon a statement of facts," but, in the absence of an agreement, "the certifying court shall determine the relevant facts and shall state them as a part of its certification order[,]" *id.*, and, for the purposes of answering certified questions, the West Virginia Supreme Court of Appeals "must assume the findings of fact of the district court are correct." *Mutafis v. Erie Ins. Exchange*, 174 W.Va. 660, 663, 328 S.E.2d 675, 678 (1985).

[3] The question certified in *Barr* proved so pivotal that the parties promptly settled after the question certified by the U.S. District Court for the Northern District of West Virginia was answered. *See* Order Dismissing Case, [Doc. 47], *Barr v. NCB Management Services, Inc.*, No. 3:10-cv-60 (N.D. W.Va. July 19, 2011); Steve Korris, *Borrower Settles Key Debt Collector Suit*, West Virginia Record, July 22, 2011, http://www.wvrecord.com/news/237047-borrower-settles-key-debt-collector-suit.

*C. I. R.*, 668 F.2d 1382, 1385 n. 5 (4th Cir. 1981). "Only if the available state law is clearly insufficient should the court certify the issue to the state court." *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994) (citation omitted). "W.Va. Code §§ 51-1A-1, *et seq.*, relating to the certification of questions of law to this Court from foreign courts, does not impose an absolute duty on this Court to answer such questions." Syllabus Point 1, *Abrams v. West Virginia Racing Commission*, 164 W.Va. 315, 263 S.E.2d 103 (1980). "In a certified case, this Court will not consider certified questions not necessary to a decision of the case." Syllabus Point 7, *Shell v. Metropolitan Life Ins. Co.*, 181 W.Va. 16, 380 S.E.2d 183 (1989) (*quoting* Syllabus Point 6, *West Virginia Water Serv. Co. v. Cunningham*, 143 W.Va. 1, 98 S.E.2d 891 (1957)).

For these reasons and the reasons Plaintiffs have previously argued, [Doc. 37] at 8-11, Plaintiffs submit that the proper course for addressing any questions of state law where "there is no controlling appellate decision, constitutional provision or statute of this state," W.Va. Code § 51-1A-3, is for this Court to certify appropriate questions of law to the West Virginia Supreme Court of Appeals.[4]

---

[4] In contemplation of future certification activity, Plaintiffs' counsel has recently invited opposing counsel to negotiate stipulations of undisputed facts. While Plaintiffs reserve the right to seek certification on the basis of the facts alleged in the First Amended Complaint and declarations in the record, Plaintiffs believe at this point that the parties and their counsel should have additional time to attempt to negotiate stipulations of facts (e.g., any factual basis the Defendants may have established to justify under the state constitution their respective city property carry bans, Charleston's handgun sales ordinances, whether less restrictive alternatives were considered and the basis upon which they were rejected, and other facts the Defendants may wish to establish that could reasonably aid the West Virginia Supreme Court of Appeals in analyzing the constitutionality of the challenged ordinances, assuming *arguendo* the Defendants clear the very high bar of proving beyond a reasonable doubt that they have affirmative statutory authorization by the Legislature to enact and maintain the challenged ordinances as a matter of state statutory and common law) to provide as complete a record as possible and minimize the need for the West Virginia Supreme Court of Appeals to proceed under *Mutafis* assumptions.

## III. Reservation of Right to Federal Court Adjudication of Questions of Federal Law.

Should this Court nevertheless determine to abstain from consideration of the state law issues presented, Plaintiffs join the Defendants in reserving the right have the issues of federal law presented in this case adjudicated in this Court under *England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 421-22 (1964).

## **IV. Conclusion.**

For the reasons stated above, Plaintiffs respectfully request that this Honorable Court (1) deny each Defendant's pre-answer motion to dismiss for lack of subject-matter jurisdiction, (2) not abstain from adjudicating Plaintiffs' state law claims against the Defendants, (3) deny the Defendants' pre-answer motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) or, in the alternative, expressly postpone a ruling thereon until trial pursuant to Fed. R. Civ. P. 12(a)(4)(A), and direct the Defendants to answer Plaintiffs' First Amended Complaint pursuant to Fed. R. Civ. P. 12(a)(4)(A), and (4) lift the stay of discovery to permit the parties to fully develop the factual record to the extent necessary to resolve the pending claims.  To the extent there may be unsettled questions of state law, Plaintiffs submit that, rather than exercising *Pullman* abstention, the more appropriate course of action is to certify appropriate questions of law to the West Virginia Supreme Court of Appeals.

Dated this 11th day of August, 2011,

    s/ James M. Mullins, Jr.
James M. Mullins, Jr.        (WV State Bar # 11129)
    Attorney for All Plaintiffs
The Law Offices of James M. Mullins, Jr., PLLC
101 North Kanawha Street, Suite 401
Beckley, WV 25801
Telephone: 304-929-3500 (o)/304-687-5492 (c)
FAX: 304-929-3503
E-mail: jim@mullinslawoffices.com

# **Certificate of Service**

I hereby certify that on August 11, 2011, I electronically filed the foregoing document with the Clerk of the Court, which will send electronic notification of such filing to the following CM/ECF participants:

    Benjamin L. Bailey
    Ricklin Brown
    Bailey & Glasser LLP
    209 Capitol Street
    Charleston, WV 25301
    Attorneys for City of Charleston, Danny Jones, and Brent Webster

    Webster J. Arceneaux, III
    Spencer D. Elliott
    Lewis Glasser Casey & Rollins, PLLC
    PO Box 1746
    Charleston, WV 25326
    Attorneys for City of Dunbar, Jack Yeager, and Earl Whittington

    W. Michael Moore
    Alicia A. Deligne
    Moore & Biser PLLC
    317 Fifth Avenue
    South Charleston, WV 25303
    Attorneys for City of South Charleston, Frank Mullens, and Brad Rinehart

    Ashley W. French
    Huddleston Bolen LLP
    PO Box 3786
    Charleston, WV 25337
    Attorney for *amicus curiae* Brady Center to Prevent Gun Violence

                                                     s/ James M. Mullins, Jr.
                                        James M. Mullins, Jr.      (WV State Bar # 11129)
                                              Attorney for All Plaintiffs
                                        The Law Offices of James M. Mullins, Jr., PLLC
                                        101 North Kanawha Street, Suite 401
                                        Beckley, WV 25801
                                        Telephone: 304-929-3500 (o)/304-687-5492 (c)
                                        FAX: 304-929-3503
                                        E-mail: jim@mullinslawoffices.com